# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES WOODLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV408-222 |
| | ) | |
| VICTOR WALKER, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

James Woodley, an inmate at Augusta State Prison, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In his petition, Woodley alleges that his trial counsel provided ineffective assistance, his guilty plea was not intelligently or voluntarily made, and his due process rights were violated. (Id. at 4.) Respondent has filed a motion to dismiss Woodley's petition as untimely. (Doc. 10.) For the reasons that follow, respondent's motion should be **GRANTED** and Woodley's petition should be **DISMISSED**.

## I. PROCEDURAL HISTORY

On November 20, 2001, Woodley entered a negotiated plea of guilty in the Chatham County Superior Court to armed robbery, aggravated assault, possession of a firearm and knife during the commission of a crime, and kidnaping. (Doc. 2 at 1; Resp't's Ex. 2 at 1.) On November 28, 2001, he was sentenced to twenty years' imprisonment and five years' probation. (Resp't's Ex. 4 at 68.) Woodley did not appeal his conviction. (Doc. 1 at 1.) He did, however, file a petition for a writ of habeas corpus in state court on January 22, 2007. (Resp't's Ex. 1 at 1.) That petition was denied on April 15, 2008. (Doc. 1 at 2.) The Georgia Supreme Court denied Woodley's application for certificate of probable cause to appeal the habeas court's decision on July 7, 2008. (Resp't's Ex. 3.) He filed the present federal petition on August 6, 2008. (Doc. 1.)

## II. LEGAL ANALYSIS

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d). One of the four occurrences listed in §

2244(d)(1) that is sufficient to start the limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). In Georgia, "a notice of appeal shall be filed within 30 days after entry of appealable decision or judgment complained of." O.C.G.A. § 5-6-38. In other words, if a petitioner does not directly appeal his conviction, the time for seeking direct review expires thirty days after the entry of judgment. Accordingly, Woodley's one-year limitation period began to run on December 28, 2001, thirty days after his November 28, 2001 conviction.

The one-year limitations period set forth in § 2244 is tolled when a state prisoner properly files an application for state post-conviction or collateral review. 28 U.S.C. § 2244(d)(2); see Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Here, petitioner did not seek collateral relief in state court until January 22, 2007, over five years after his conviction became final. (Resp't's Ex. 1 at 1.) The § 2254 limitations period thus expired long before petitioner sought state post-conviction review. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court

3

petition like [petitioner's] that is filed following the expiration of the [§ 2244] limitations period cannot toll that period because there is no period remaining to be tolled."). Consequently, the tolling provision provides petitioner with no relief; the present federal petition is time barred under § 2244. Id.

## III. CONCLUSION

For all of the reasons explained above, respondent's motion to dismiss the petition as untimely should be **GRANTED** and this § 2254 petition should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this __11th__ day of December, 2008.

*/s/ Smitt*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4